IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EMANUEL TRAYLOR**                                                                              **PLAINTIFF**
**ADC #250043**

v.                                          Case No: 4:20-cv-01294-LPR

**JASON KORDSMEIER**                                                                         **DEFENDANT**

## ORDER

Plaintiff Emanuel Traylor is in custody at the Pulaski County Detention Center. He filed a *pro se* complaint under 42 U.S.C. § 1983 against Deputy Public Defender Jason Kordsmeier. (Doc. 2). Mr. Traylor sues Mr. Kordsmeier in his official capacity only and alleges ineffective assistance of counsel. (*Id*. at 1-2, 4). Mr. Traylor also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP Application"). (Doc. 1). Mr. Traylor's IFP Application (Doc. 1) will be granted. His Complaint will be dismissed for failure to state a claim on which relief may be granted.

**I.**     *In Forma Pauperis* **Application**

Mr. Traylor's IFP application (Doc. 1) is GRANTED. But Mr. Traylor must still pay the $350 filing fee.[1] Based on information contained in a certified copy of Mr. Traylor's Application and Calculation Sheet, the Court shall assess an initial partial filing fee of $5.46. If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the Administrator of the Pulaski County Detention Center shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00. Regardless of the balance in the

---

[1]     Effective May 1, 2013, the cost for filing a new civil case is $400. The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

account, the Administrator of the Pulaski County Detention Center shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Mr. Traylor will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Mr. Traylor's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.    Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.  *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Mr. Traylor's Claims

Mr. Traylor sues Mr. Kordsmeier under 42 U.S.C. § 1983.  Mr. Traylor alleges only: "the defendant to file forma paupis pro se to a motion to dismiss legal counsel on grounds of ineffective counsel . . . ."  (Doc. 2 at 4).

To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.  *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).  In other words, a public defender is a private actor to the extent he performs his work as defense counsel.  To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying a plaintiff's constitutional rights."  *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)).  "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party

3

and state actor.'" *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted).

Mr. Traylor identified Mr. Kordsmeier as a Deputy Public Defender. He alleges that Mr. Kordsmeier is ineffective as counsel. Mr. Traylor has not, however, alleged facts indicating that Mr. Kordsmeier was a willful participant in joint activity with state actors. As such, Mr. Kordsmeier is not subject to suit under § 1983. Mr. Traylor's federal claims will be dismissed without prejudice for failure to state a claim on which relief may be granted. Jurisdiction over any state law claims is denied. 28 U.S.C. § 1367(c)(3).

**IV.   Conclusion**

It is, therefore, ORDERED that:

1.   Mr. Traylor's Motion to Proceed *In Forma Pauperis* (Doc. 1) is GRANTED.

2.   As Mr. Traylor's present custodian, the Administrator of the Pulaski County Detention Center or his designee shall collect from Mr. Traylor's institutional account an initial partial filing fee of $5.46 and forward that amount to the Clerk of this Court. The payment must be clearly identified by the name and number assigned to this action.

3.   Thereafter, the Administrator of the Pulaski County Detention Center or his designee, or any future custodian, shall collect from Mr. Traylor's institutional account the balance of the filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. Traylor's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Mr. Traylor's behalf shall be clearly identified by the name and number assigned to this action.

4.       The Clerk of the Court shall send a copy of this Order to the Administrator of the Pulaski County Detention Center, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

5.       Mr. Traylor's Complaint (Doc. 2) is DISMISSED without prejudice.

6.       This dismissal Counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

7.       The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 4th day of November 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE